UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK ANTHONY BLOUNT,

    Petitioner,                                          Civil Action No. 16-CV-13044

vs.                                                       HON. BERNARD A. FRIEDMAN

THOMAS WINN,

    Respondent.
_____/

**OPINION AND ORDER DISMISSING PETITIONER'S APPLICATION FOR A WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Petitioner in this matter has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his convictions for involuntary manslaughter, operating a motor vehicle without a license causing death, and being a fourth felony habitual offender. For the reasons stated below, the Court shall dismiss the petition without prejudice.

**I. Background**

Petitioner was charged with second-degree murder, operating a motor vehicle without a license causing death, and being a fourth felony habitual offender. He pled no contest to a reduced charge of involuntary manslaughter, operating a motor vehicle without a license causing death, and being a fourth habitual offender, in exchange for dismissal of the second-degree murder charge. Petitioner was sentenced to life in prison as a fourth habitual offender on the involuntary manslaughter conviction and ten to fifteen years on the operating a motor vehicle without a license causing death conviction.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, raising the following claims:

I. Defendant's state and federal constitutional rights were violated when he was coerced into his plea because his attorney was not acting in his best interests and his attorney was ineffective.

II. Defendant's life sentence is disproportionate and constitutes cruel and unusual punishment, US Const. VIII, Const. 1963, Art. § 16.

III. Mr. Blount is entitled to re-sentencing where the sentencing guidelines were misscored in violation of the state and federal right to sentencing based on accurate information and trial defense counsel was ineffective for not challenging the scoring.

On September 24, 2014, the Michigan Court of Appeals issued a summary order remanding petitioner's case for re-sentencing. *See People v. Blount*, No. 322348 (Mich. Ct. App. Sept. 24, 2014). Petitioner did not seek leave to appeal from the Michigan Court of Appeals' order.[1] Petitioner was re-sentenced on November 14, 2014. Petitioner then filed an application for leave to appeal his new sentence, raising a single issue:

> Defendant must be resentenced again because the trial court failed to state objective and verifiable reasons in support of the guidelines departure and the extent of the departure, which was a life sentence for which parole will likely never be granted, in violation of US Const. Am. V, XIV; Const. 1963, Art. § 17.

Petitioner was denied leave to appeal by the Michigan Court of Appeals and the Michigan Supreme Court. *See People v. Blount*, No. 327388 (Mich. Ct. App. June 23, 2015); *lv. den*. 499 Mich. 857 (2016).

Petitioner now seeks a writ of habeas corpus on the following grounds:

I. Defendant's state and federal constitutional rights were violated when he was coerced into his plea because his attorney was not acting in his best interests and his attorney was ineffective.

---

[1] *See* Aff. of Larry Royster, Clerk of the Michigan Supreme Court, dated October 18, 2016. [This Court's Dkt. # 8-16.]

II. Defendant's life sentence is disproportionate and constitutes cruel and unusual punishment, US Const. VIII, Const. 1963, Art. § 16.

III. Mr. Blount is entitled to re-sentencing where the sentencing guidelines were misscored in violation of the state and federal right to sentencing based on accurate information and trial defense counsel was ineffective for not challenging the scoring.

## II. Discussion

Respondent has filed a motion to dismiss the petition on the ground that petitioner failed to exhaust his claims with the state courts. The Court agrees that dismissal of the petitio is required.

A state prisoner seeking federal habeas relief must first exhaust his available state court remedies. *See* 28 U.S.C. § 2254(b) and (c); *Picard v. Connor*, 404 U. S. 270, 275-78 (1971). In order to exhaust a claim for federal habeas review, a petitioner must present each ground to both state appellate courts, even where the state's highest court provides only discretionary review. *See Regan v. Hoffner,* 209 F. Supp. 2d 703, 710 n.3 (E.D. Mich. 2002) (citing *O'Sullivan v. Boerckel,* 526 U.S. 838, 845-47 (1999)). Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *See Wagner v. Smith,* 581 F.3d 410, 415 (6th Cir. 2009). Therefore, each claim must be reviewed by a federal court for exhaustion before any claim may be reviewed on the merits. Federal district courts must dismiss habeas petitions which contain unexhausted claims. *See Pliler v. Ford,* 542 U.S. 225, 230 (2004).

In the present case, the petition must be dismissed because none of petitioner's claims have been properly exhausted with the state courts. Petitioner's first claim that he was coerced into pleading guilty and that counsel was ineffective with respect to his guilty plea was raised before the

3

Michigan Court of Appeals on his initial appeal. Although the Michigan Court of Appeals ordered that petitioner be re-sentenced, that court obviously denied relief with respect to petitioner's claim that his plea was coerced and his related ineffective assistance of counsel claim. Petitioner did not seek leave to appeal with the Michigan Supreme Court from the Michigan Court of Appeals' order. Petitioner did not attempt to raise this claim again before the Michigan Supreme Court in his appeal after his re-sentencing. Because petitioner failed to raise this claim before the Michigan Supreme Court as part of the direct appeal process, the claim is unexhausted. *See e.g. Rupert v. Berghuis,* 619 F. Supp. 2d 363, 367 (W.D. Mich. 2008).

To the extent that petitioner's second and third claims arise from his original sentencing, those claims are now moot because petitioner was re-sentenced. *See Hill v. Sheets,* 409 F. App'x 821, 824-25 (6th Cir. 2010). To the extent that petitioner argues that his current sentence is cruel and unusual, that his guidelines were misscored, or that counsel was ineffective at his re-sentencing, those claims were not raised before the Michigan appellate courts on re-sentencing. The exhaustion requirement applies to any claims which may arise from a re-sentencing. *See Prendergast v. Clements,* 699 F.3d 1182, 1184-85 (10th Cir. 2012).

On petitioner's re-sentencing appeal, the only issue raised was a claim that the trial judge did not have substantial or compelling reasons to depart above the sentencing guidelines range. Petitioner did not raise a claim involving the scoring of the guidelines or counsel's ineffectiveness at the re-sentencing. Although petitioner's appellate counsel briefly alluded to the Eighth Amendment's ban on cruel and unusual punishment in her appellate brief,[2] a habeas petitioner's "sporadic and undeveloped allusions" to a claim do not satisfy the exhaustion

---

[2] See Delayed Application for Leave to Appeal, p. 7 [This Court's Dkt. # 8-17.]

4

requirement. *See Vasquez v. Jones,* 496 F.3d 564, 568 (6th Cir. 2007). Indeed, petitioner made no mention of any potential cruel and unusual punishment claim in the statement of questions in the appellate brief. M.C.R. 7.212(C)(5) requires a statement of the questions involved, with each issue for appeal separately numbered. *See Dando v. Yukins,* 461 F.3d 791, 797 (6th Cir. 2006). In his brief before the Michigan Court of Appeals, petitioner merely argued that the trial court abused its discretion in departing above the sentencing guidelines range without having substantial and compelling reasons to do so. By failing to raise an Eighth Amendment claim in the headings in his appeal brief, petitioner did not fairly present a cruel and unusual punishment claim to the state courts for purposes of properly exhausting this claim. *See Wagner,* 581 F.3d at 415-16.

Under *Hargrove v. Brigano*, 300 F. 3d 717, 719-721 (6th Cir. 2002), the Court shall dismiss the petition without prejudice and the one-year limitations period shall be tolled from August 19, 2016, the date petitioner filed his petition, until petitioner returns to federal court.[3] This tolling of the limitations period is contingent upon petitioner complying with the conditions indicated below.

### III. Conclusion

For the reasons stated above,

IT IS ORDERED that petitioner's application for a writ of habeas corpus is dismissed without prejudice.

---

[3] Under the prison mailbox rule, the Court assumes petitioner filed his habeas petition on August 19, 2016, the date that it was signed and dated. *See Towns v. U.S.,* 190 F.3d 468, 469 (6th Cir. 1999).

IT IS FURTHER ORDERED that the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1) is tolled from August 19, 2016, the date that petitioner filed his habeas application, until the time petitioner returns to this Court to pursue habeas corpus relief, provided that petitioner files a new habeas petition in this Court within thirty days of the completion of his state post-conviction proceedings.

IT IS FURTHER ORDERED that no certificate of appealability shall issue because petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

IT IS FURTHER ORDERED that petitioner may not proceed on appeal in forma pauperis because any appeal in this matter would be frivolous.

**S/ Bernard A. Friedman_____**
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated: May 25, 2017
      Detroit, Michigan